UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MIDWEST ENERGY EMISSIONS CORP.
PATENT LITIGATION                                                                                MDL No. 3132

### TRANSFER ORDER

**Before the Panel**: Plaintiff Midwest Energy Emissions Corp. (ME2C)[1] moves under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of Iowa. This litigation consists of three actions pending in the District of Arizona, the Eastern District of Missouri, and the Southern District of Iowa, as listed on Schedule A. Defendants[2] oppose centralization. Alternatively, defendants suggest that centralization be postponed until their Rule 12 motions in the Iowa action are resolved. With the exception of PacifiCorp and Salt River Project Agricultural Improvement and Power District, defendants do not oppose the Southern District of Iowa as the transferee forum if this litigation is centralized.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Southern District of Iowa will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that defendants infringed patents that describe a method of capturing mercury pollution at coal-fired power plants by using a combination of halogen additives (such as bromine and iodine) and activated carbon. Five of the six patents identified in the complaints are asserted in all three actions.[3] Centralization is warranted to eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly with respect to claim construction and issues of patent validity); and

---

[1] Effective October 17, 2024, ME2C changed its corporate name to Birchtech Corp. Plaintiff is proceeding in this litigation under its former name.

[2] Berkshire Hathaway Energy Company, MidAmerican Energy Company, PacifiCorp, Alliant Energy Corporation, Alliant Energy Corporate Services, Inc., Interstate Power and Light Company, Wisconsin Power and Light Company, Ameren Corp., Union Electric Co. (d/b/a Ameren Missouri), and Salt River Project Agricultural Improvement and Power District.

[3] U.S. Patent Nos. 10,343,114, 10,589,225, 10,596,517, 10,668,430, and 10,933,370 are asserted in each action. U.S. Patent No. 10,926,218 (which relates to iodine-based additives) is asserted against several defendants in the Iowa action. All six patents are entitled "Sorbents for the Oxidation and Removal of Mercury," name the same inventors, and stem from a common patent application.

- 2 -

conserve the resources of the parties, their counsel, and the judiciary.

In opposition to centralization, defendants argue that unique questions of fact regarding how each of defendants' accused power plants operate will undermine the efficiencies to be achieved through centralization. Defendants also contend that some of them will have unique defenses, such as licensing and sovereign immunity defenses. ME2C, however, has already litigated infringement claims against more than 70 defendants in the District of Delaware. *See Midwest Energy Emissions Corp. v. Arthur J. Gallagher & Co.*, C.A. No. 1:19-01334 (D. Del.). That action involved at least two of the patents asserted here, numerous accused power plants, and an additional type of defendant— suppliers of refined coal. The efficient prosecution of that action indicates that the unique factual issues and defenses that defendants identify here will not significantly undermine the efficiencies to be obtained through centralization. *See also In re RAH Color Techs. LLC Pat. Litig.*, 347 F. Supp. 3d 1359, 1359–60 (J.P.M.L. 2018) (centralizing actions involving various accused products—including printer servers, printers, and color imaging software—because all were in the field of color management technology). In any event, Section 1407 "does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer." *In re Acacia Media Techs. Corp. Pat. Litig.*, 360 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005).

Defendants also argue that centralization is premature because plaintiff has not yet identified which patent claims it is asserting against which defendant. This argument too is not persuasive. While it is true that these actions are in their early stages, it is readily apparent that the patents and claims asserted will overlap substantially, if not completely. While there may be some variation in how each accused power plant allegedly infringed the asserted patents, all defendants operate coal-fired power plants and are alleged to have infringed the same patents in the same manner. Moreover, the prior prosecution of these patents against other power plant operators in Delaware suggests that the same or similar patent claims will be litigated here.

Defendants suggest that centralization is not warranted because ME2C has a history of settlement. In the past, we have denied centralization where the patentholder has an established practice of settling claims before significant litigation occurs. *See, e.g.*, *In re Brandywine Commc'ns Techs., LLC, Pat. Litig.*, 959 F. Supp. 2d 1377, 1378 (J.P.M.L. 2013) (denying centralization where more than half of the approximately 70 patent infringement actions brought by plaintiff in the prior year were voluntarily dismissed before significant pretrial proceedings). The situation here is quite different. Plaintiff has made clear that, while it is willing to settle claims against defendants that agree to license its technology, it intends to litigate its infringement claims against defendants unwilling to do so. The Delaware action involved significant settlements, but the claims against non-settling defendants were litigated through trial—necessitating significant pretrial management and substantive adjudication by the court. In short, defendants have not established the type of settlement history in this litigation that weighs against centralization. Nor have they convinced us that settlements will eliminate the multidistrict character of this litigation in short order. Nothing on the docket indicates that settlements with the remaining defendants in the Arizona or Missouri actions is imminent.

Finally, defendants argue that informal coordination between the parties and the involved courts is preferable to Section 1407 centralization. To be sure, only three actions are pending here

in only three districts. Even so, there is a significant possibility of duplicative pretrial proceedings, conflicting schedules, and inconsistent rulings absent centralization—particularly with respect to claim construction and patent invalidity. The efficiencies to be gained, for both the parties and the judicial system, by having a single court oversee claim construction and discovery relating to the patents are substantial. In this circumstance, centralization is the most efficient manner of coordinating these actions.

The Southern District of Iowa is an appropriate transferee district for this litigation. Plaintiff and most defendants support or do not oppose centralization in this district. The action pending in the Southern District of Iowa involves the largest number of defendants, and this district provides a geographically central and convenient forum for this litigation. We assign this action to Judge Stephen H. Locher, who we are confident will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of Iowa are transferred to the Southern District of Iowa and, with the consent of that court, assigned to the Honorable Stephen H. Locher for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: MIDWEST ENERGY EMISSIONS CORP.**
**PATENT LITIGATION**                                             MDL No. 3132

## SCHEDULE A

<u>District of Arizona</u>

MIDWEST ENERGY EMISSIONS CORPORATION v. TUCSON ELECTRIC POWER
    COMPANY, ET AL., C.A. No. 3:24-08145

<u>Southern District of Iowa</u>

MIDWEST ENERGY EMISSIONS CORP. v. BERKSHIRE HATHAWAY ENERGY
    COMPANY, ET AL., C.A. No. 4:24-00243

<u>Eastern District of Missouri</u>

MIDWEST ENERGY EMISSIONS CORP. v. AMEREN CORP., ET AL.,
    C.A. No. 4:24-00980